**UNITED STATES of America**

v.

**James L. MACK.**

**Crim. A. No. 76–172.**

United States District Court, W. D. Pennsylvania.

Oct. 27, 1976.

Blair Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Wendell G. Freeland, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER ON MOTION TO SUPPRESS

WEBER, District Judge.

Defendant has moved to suppress certain evidence seized from his person. A Pennsylvania state search warrant had been issued for premises described as being occupied by defendant and another person. No attack is made on the probable cause adequacy of the search warrant. The city police officers executed the warrant at the premises beginning at about 10 p. m. The defendant was not present at the residence at the time the search began but the police officers were admitted by the co-occupant described in the warrant. While the officers were still present the defendant entered the apartment. He was warned at the time of the entry by the co-occupant that there were police officers present. He was wearing a dark trench coat over his other clothes. The police officers announced that they were on the premises to conduct a search pursuant to a warrant. They then "patted down" or "frisked" defendant and found a bulge at his waist which disclosed a .38 caliber loaded revolver tucked into the waist band of his trousers. They then informed defendant that he was under arrest and proceeded to search his person thoroughly. In a jacket pocket they found a plastic bag containing a white powder, and a measuring spoon wrapped in a plastic bag. In the leg of a sock they found a plastic bag containing a brown powder. These items on later analysis were proven to be 10.3 grams of 22.5% pure heroin, lactose sugar commonly used to cut heroin, and a spoon used in melting heroin for

administration. It is these items that defendant moves to suppress.

At the evidentiary hearing it was disclosed that the search warrant did not authorize a search of the person of the named occupants although the affidavit presented to the magistrate presented sufficient probable cause. The affidavit, sworn to by the officer who made the search of the person of defendant, revealed that defendant had been seen by the reliable informant cutting and packaging heroin. The officer also testified that his background investigation of defendant prior to applying for the warrant established that defendant had a prior record of felony offenses, including narcotics and burglary. The officer also testified that a high percentage of persons arrested for narcotic offenses in recent years are found to be armed, and that the area of the residence to be searched was an area of high incidence of crime. He testified that he conducted the pat-down search for his own protection and the protection of others present.

■ It is the legality of the "pat-down" or "frisk" search which determines the validity of the arrest and subsequent body search which disclosed the heroin. Under the factual circumstances disclosed we have no doubt that the police officers were justified in making a preliminary search for a concealed weapon. They were faced with a known felon entering a dwelling where he had been described as handling heroin, in the course of the execution of a legal search warrant. His trench coat provided opportunity for concealment of weapons, and the propensity for carrying weapons by narcotics offenders was known to the police officers.

■ The Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 [1968], has established the legality of such preliminary searches when the surrounding circumstances are such that the police officers must pursue the investigation without fear of violence.

"The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." 392 U.S. p. 27, 88 S.Ct. p. 1883.

In fact, the circumstances of this case indicate to the court that the police officers would have been remiss in their duties if they had failed to search defendant. We fail to find any distinction here on the grounds that the "Pat and frisk" search in *Terry v. Ohio* was done on the streets whereas the search here was done in defendant's dwelling house. The circumstances of defendant's appearance at the dwelling during the search give the police officers the same reasons to "frisk" as they would have in a street situation.

■ Nor are we concerned with the state court action here. This federal court must make an independent inquiry of the grounds alleged for suppression. *Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 [1960]; *United States v. Bedford*, 519 F.2d 650 [3rd Cir. 1975].

### ORDER

NOW this 27th day of October, 1976, the Motion of Defendant to Suppress is DENIED.