250 So.2d 15 (1971)
Leroy THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. O-331.
District Court of Appeal of Florida, First District.
July 1, 1971.
Louis O. Frost, Jr., Public Defender, and Gerald Sohn, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Michael J. Minerva and Joseph W. DeMember, Asst. Attys. Gen., for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of a conviction upon a trial by jury on charges of carrying a concealed firearm. The sole point raised on appeal is the contention that the pistol found in appellant's hip pocket should not *16 have been admitted in evidence over appellant's objection on the ground it had been obtained by an illegal search and seizure.
The trial court based its denial of appellant's motion to suppress the pistol squarely on the recently enacted "Florida Stop and Frisk Law", Section 901.151, Florida Statutes, F.S.A. The pertinent sections provide:
"(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
* * * * * *
"(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) of this section has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
"(6) No evidence seized by a law enforcement officer in any search under this section shall be admissible against any person in any court of this state or political subdivision thereof unless the search which disclosed its existence was authorized by and conducted in compliance with the provisions of subsections (2)-(5)."
The facts underlying the charges against appellant arose at American Beach in Nassau County, Florida, at approximately 5 o'clock on a Sunday afternoon. Appellant got out of a car and walked toward a snack bar. Two officers were on duty directing traffic. One of them observed the appellant and stated to the other, "Ben, this fellow is carrying a mighty big knot in his hip pocket there, * * * I think we should check him when he comes back." When appellant returned to his car from the snack bar, the second officer observed the bulge in appellant's hip pocket and the officer started to approach him. Upon noting the officer approaching, appellant accelerated his pace toward the car and upon reaching it sat down. The officer having next arrived asked appellant what he had in his pocket and then, without awaiting an answer, felt the outside of the pocket and, noting the sharpness of the object, put his hand in the pocket and found the pistol.
Though recognizing the provisions of Section 901.151, Florida Statutes, F.S.A., appellant contends that what the officer observed was insufficient to give him probable cause to believe that the appellant was armed with a dangerous weapon. This contention was correctly rejected by the trial court. The court below properly held that the officer making the "frisk" acted within the scope of the authority of Section 901.151 as a reasonably trained law enforcement officer would act under the same circumstances in the same area; and, therefore, he did have probable cause to believe that the subject might be armed with a dangerous weapon, thereby threatening the safety of the officer and other persons.
We think the facts were adequate to give probable cause. Two officers noted the unusual bulge in the hip pocket. One of them testified he had been on duty at this location for many years, and that it *17 was a place for recreational outings resorted to by mostly out-of-town visitors. There was frequent drinking and the officer testified that upon previous experience over the years bulges or protrusions of like kind in hip pockets have turned out to be concealed weapons. The officer testified that he had on prior occasions arrested persons for carrying concealed weapons in that same area, based on his observations of the demeanor and outward appearance of the persons apprehended.
In Donar v. State, 236 So.2d 145 (Fla. App. 1970), this court considered the definition of probable cause and quoted with approval the following statement from Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879:
"`"In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved."'"
Any question as to whether the arresting officer had proper cause to believe that the appellant was carrying a concealed weapon seems to be settled by the decision of the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. There the Supreme Court authorized an exploratory "pat down" of the outer garments for the purpose of disclosing weapons when a police officer has observed "unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." at page 30, 88 S.Ct. at page 1884. The court distinguished between the necessity that the officer have probable cause to believe that a crime had been committed and the necessity to believe only that the person is armed and dangerous, regardless of whether probable cause to arrest exists. In speaking of the standard against which the reasonableness of the officer's belief is to be measured, the court stated in Terry, supra, at page 27, 88 S.Ct. at page 1883, the following:
"And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts. * * *"
In view of the foregoing authorities and the facts presented in this record, we hold that the officer's observation of the peculiar bulge in appellant's hip pocket was sufficient to support the belief that the appellant was armed. The pistol thusly discovered was properly admitted in evidence.
Affirmed.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.