280 So.2d 700 (1973)
STATE of Florida, Appellant,
v.
Clinton WOODARD, Appellee.
No. 73-288.
District Court of Appeal of Florida, Second District.
July 25, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, and Raymond O. Gross, Asst. Public Defender, Clearwater, for appellee.
LILES, Acting Chief Judge.
Appellant, State of Florida, appeals the granting of a motion to suppress, pursuant to the authority granted in F.S. § 924.071, F.S.A. Clinton Woodard, appellee, was observed by a member of the St. Petersburg Police Department exiting from a bar. The officer observed that the bar was suddenly being vacated en masse by all of its occupants and the officer, being familiar with this particular bar, knew from past experiences that when that bar emptied of its patrons it was either the result of a stabbing or shooting or someone being in possession of a dangerous weapon. He stopped his patrol car and observed the appellee, the last to emerge, wearing a banlon shirt which had a bulge on the front of his waistband. He asked appellee if he had a weapon and attempted to reach up and pat the bulge, wherewith appellee pushed his arm away. We must conclude, although the record does not so reflect, that the officer in fact found the weapon because the appellee was subsequently charged with carrying a concealed weapon.
The only testimony was that of the officer and at the conclusion of the motion to suppress the trial judge entered its order and said to the effect, that, while the police may have had authority under the "stop-and-frisk law" to detain the appellee and while the officer may have had reason to believe all was not well, probable cause did not exist and suppressed the introduction of the weapon.
*701 This question regarding the "stop-and-frisk law," F.S. § 901.151, F.S.A., has been succinctly and clearly discussed in Thomas v. State, 250 So.2d 15 (1st D.C.A.Fla. 1971); and based on the authority of that case, we reverse the trial judge's order to suppress.
It is clear from the uncontroverted evidence of the police officer that he was familiar with the "goings on" surrounding the Manhattan Bar, that he knew of past occurrences, and that he observed this particular appellee with a bulge in his waistband. There was an abundance of reason to exercise the authority granted in Florida's "stop-and-frisk law."
The order granting motion to suppress is therefore reversed.
HOBSON and McNULTY, JJ., concur.