294 So.2d 37 (1974)
Leland Clayton WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1136.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Rehearing Denied May 21, 1974.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, and Thomas Pepe, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before CARROLL and HAVERFIELD, JJ., and MOORE, JOHN H. II, Associate Judge.
PER CURIAM.
Defendant-appellant was informed against, tried non-jury and adjudicated guilty of (1) unlawful possession of a narcotic drug and (2) possession of implements for narcotic usage. He was sentenced to seven months in the county jail and thereafter placed on probation for four years.
On appeal, defendant-appellant basically contends that the trial court erred in denying his motion to suppress on the grounds that the evidence was seized in violation of the defendant's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.
The record reveals the following facts leading to the search of the defendant's person. On the night in question, the arresting officer testified that he was looking for a certain female whose description defendant's companion fitted. He approached the defendant and his companion *38 to make an identification check. While the officer was speaking to the female, he turned to look at the defendant and observed protruding from defendant's pocket, a bulge of approximately three and one-half inches in length which appeared to the officer to be a knife. Thereupon, he proceeded to pat down the defendant and removed the object which was a syringe. Defendant was placed under arrest and a further search was conducted at which time two packets containing heroin also were found on the person of the defendant.
In light of the above circumstances and considering also the time of day, 8:40 p.m., the location, Biscayne Boulevard in Miami, and the fact that he was alone, we find that the officer's observation of the 31/2" bulge in appellant's pocket was sufficient to support the belief that the appellant was armed. See Thomas v. State, Fla.App. 1973, 250 So.2d 15 and cases cited therein. Thus, this argument of appellant must fail.
Defendant also contends that the sentence is illegal. We agree and hereby modify the sentence to eliminate therefrom the provision for probation. See Hutchins v. State, Fla.App. 1973, 286 So.2d 244.
We have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment and sentence as modified is affirmed.
Affirmed.
MOORE, JOHN H. II, Associate Judge (concurring in part and dissenting in part).
I concur in the opinion of the majority that the sentence in this cause is illegal and agree that the cause should be remanded with directions to eliminate the provision for probation.
It is my opinion however that the evidence in this cause should have been suppressed and I therefore respectfully dissent. There is no need to reiterate the facts or to recite Florida Statute 901.151, F.S.A., the "Florida Stop and Frisk Law." F.S. 901.151, F.S.A. requires circumstances reasonably indicating that a person has committed, is committing, or is about to commit a violation of the criminal laws before he can be detained temporarily. Once detained under such circumstances a law enforcement officer must have probable cause that such person so detained is armed and dangerous and creates a safety hazard to the officer before the officer may search or "frisk" him.
Appellant was merely standing by minding his own business while the officer interrogated his companion. Upon seeing a bulge in appellant's pocket (and the record fails to disclose any other "unusual" conduct) the officer decided to frisk him. Certainly a bulge in a pocket without other unusual conduct as was indicated in Thomas v. State, Fla.App. 1971, 250 So.2d 15, is not such a circumstance which would lead a reasonable and prudent man to the conclusion that a person is armed.