324 So.2d 700 (1976)
Robert Michael WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-706.
District Court of Appeal of Florida, Fourth District.
January 9, 1976.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from a judgment of conviction of possession of a concealed firearm entered pursuant to a nolo contendere plea in which appellant specifically reserved the right to question the validity of an order denying his motion to suppress from use in evidence the firearm involved. The decision in this case requires an interpretation of § 901.151, F.S. 1973, commonly known as the "Stop and Frisk law."
On the evening of December 12, 1974, Officer Charles Shelton was assigned to patrol a shopping center and convenience stores that were high crime areas. Approximately twenty minutes before the *701 closing time of a shopping center drug store, his suspicion was aroused when he observed appellant and a companion in a dark area behind the drug store. Appellant was trying to conceal himself. The companion was backing away toward a motorcycle which was parked behind the store, although vehicles customarily park in front of the store. The officer called appellant and his companion over to the officer's patrol car and began interrogating them relative to their identity and their purpose in being at that location; he also frisked them for weapons and found a pistol on each of them.
Appellant contends the trial court erred in denying his motion to suppress since the evidence adduced did not justify the officer in stopping appellant and his companion. Additionally, appellant argues that even if the stop was permissible the frisk was not because the officer had no probable cause to believe that either appellant or his companion was armed.
A fair interpretation of the officer's testimony at the hearing on the motion to suppress is that in view of the circumstances set forth above, the officer suspected that appellant and his companion were about to commit a crime involving the drug store, and he frisked them as a measure to assure his own safety. Accepting as true the facts known to and those observed by the officer on the scene, it is our opinion that the officer's stopping of appellant and his companion was reasonable. In this case the same knowledge and observations that justified the stopping also justified the frisking of the persons stopped.
That circumstances such as those present in this case justify frisking the person stopped finds clear support we think in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
"Where such a stop is reasonable, however, the right to frisk must be immediate and automatic if the reason for the stop is, as here, an articulable suspicion of a crime of violence. Just as a full search incident to a lawful arrest requires no additional justification, a limited frisk incident to a lawful stop must often be rapid and routine. There is no reason why an officer, rightfully but forcibly confronting a person suspected of a serious crime, should have to ask one question and take the risk that the answer might be a bullet." Harlan, J. Concurring, 392 U.S. at 33, 88 S.Ct. at 1886.
We do not interpret our statute as requiring an officer in every case to note some new or independent fact after the stop which would constitute probable cause to believe the person stopped is armed in order to justify a frisk. In other words a bulge in an individual's pocket or under his belt (as in Thomas v. State, Fla.App. 1971, 250 So.2d 15, or State v. Woodard, Fla. App. 1973, 280 So.2d 700) is not necessary to justify suspicion that the person is armed so as to support a frisk. We specifically hold that the "probable cause" mentioned in § 901.151(5), F.S. does not mean probable cause to make an arrest for possession of a weapon. State v. Brooks, Fla.App. 1973, 281 So.2d 55; cf. Terry v. Ohio, supra.
For the foregoing reasons the judgment and sentence appealed from are affirmed.
Affirmed.
CROSS and OWEN, JJ., concur.