355 So.2d 127 (1978)
The STATE of Florida, Appellant,
v.
Marvin FRANCOIS, Appellee.
No. 76-1836.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Rehearing Denied March 3, 1978.
Janet Reno, State's Atty., and George Volsky, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender, and Warren S. Schwartz, Asst. Public Defender, for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PEARSON, Judge.
The State appeals an order suppressing evidence on the ground that the search and seizure were unreasonable. An information was filed charging the defendant Marvin Francois with carrying a concealed firearm. Defendant filed a motion to suppress the evidence (that is, the firearm) on the grounds that the defendant was detained and questioned by an officer at which time the officer patted down the defendant and seized a revolver and that the defendant was not known to have a dangerous reputation, nor was he under arrest at the time the search took place.
The motion came on for a hearing before the court at which the officer testified that *128 at around one o'clock in the morning, he was approached by an unknown informant who told him that a man inside a nearby bar was threatening to kill a person identified as "Big Duke." The officer did not know the informant and he had no reason to regard him as a reliable informant. However, the officer went into the bar where Francois was pointed out to him as the person making the threat. The officer asked Francois to step outside the bar with him and then asked Francois for identification. While questioning Francois, the officer noticed a bulge on Francois' leg and reached down and removed a revolver. Francois was then arrested for carrying a concealed firearm.
The trial court sustained the motion to dismiss and this appeal is from that order. We reverse.
Section 901.151, Florida Statutes (1975), provides in part as follows:
"(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) of this section has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized."
It is apparent from the facts recited that the arresting officer acted reasonably in being willing to investigate a complaint of a citizen of a threat of violence inside a bar. The officer may have been braver than necessary in entering the bar to investigate but it certainly was not unreasonable for him to be willing to do so. Having entered the bar and identified the person against whom the complaint was lodged, the officer did not act unreasonably in asking Francois to step outside the bar in order to minimize the possibility of a disturbance inside the bar and in order for the officer to protect himself. See the principle of law in Commonwealth of Pennsylvania v. Mimms, ___ U.S. ___, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). Having observed the bulge and having received a warning that Francois might be armed, the officer did not act unreasonably in protecting himself by patting down the defendant. See State v. Brooks, 281 So.2d 55 (Fla.2d DCA 1973); Ingram v. State, 264 So.2d 109 (Fla.4th DCA 1972); and Thomas v. State, 250 So.2d 15 (Fla.1st DCA 1971). We believe that it is not unreasonable to allow police officers to take actions necessary to protect themselves and if a crime is revealed in the taking of such action, that crime ought not to be insulated from prosecution upon the basis of an unreasonable search.
The order appealed is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.