MELVIN, Judge.
Appellant-defendant appeals from the judgment and sentence imposed upon him following his plea of nolo contendere to the charge of unlawfully carrying a concealed firearm, contrary to Section 790.01(2), Florida Statutes (1975). Prior to his plea, he filed a motion to suppress the evidence relating to the search of his person and the taking of a pistol and some cartridges from his outside coat pocket.
Defendant urges that the officers had no cause to stop and frisk him; therefore, so he contends, the pistol and cartridges removed from his pocket were the fruits of an unlawful search and evidence thereof should have been suppressed.
The trial court heard and considered testimony in connection with defendant’s motion. Evidence was presented, and the court found the facts to be that the defendant and a companion had been observed, in the nighttime, by two Daytona Beach police officers for a period of approximately one hour, walking back and forth on a sidewalk, in an area in front of and adjacent to a pornographic bookstore. The defendant was observing very closely the bookstore and its interior, as well as the flow of traffic. The officers observed the defendant and his companion remove a parked automobile from an area at the end of an alleyway behind the bookstore, an area not normally used by customers of the store, and park that vehicle in an even more obscure area under some trees and bushes. The officers testified that there was ample parking space available on the street in front of and near the bookstore. During the entire time that the officers observed the defendant in front of the bookstore, he kept his right hand in his front jacket pocket. It was from this pocket that the officers removed a loaded revolver.
The defendant urges reversal because his actions, so he contends, did not reasonably indicate that he had committed, or was about to commit a violation of the criminal laws of the State of Florida so as to justify the officer in stopping and frisking him pursuant to Section 901.151, Florida Statutes (1975). Of course, there would be nothing unusual for a person to stand or walk in front of a store with his right hand in his right pocket. However, when a person is engaged in conduct as was this defendant, we hold that such activity is amply sufficient to indicate to an alert officer of the law that such person and his activities justify immediate and appropriate atten *1264 tion. The defendant further complains, however, that if there was a reasonable basis for a temporary detention, his search was not authorized because the officer didn’t first inquire of him concerning the circumstances of his presence and his activities.
Under the circumstances, such inquiry prior to search was not necessary. The law recognizes the right of the officer, in the interest of his own protection, to conduct a prompt and rapid pat-down search. It was not necessary for an officer, confronted with circumstances kindred to these, to inquire of a person his name and social security number only to be answered by the click of a switchblade knife or the roar of a pistol. See Wilson v. State, 324 So.2d 700 (Fla.4th DCA 1976), and cases cited therein.
The action of the officers in stopping and searching the defendant was legal. The trial court correctly ruled upon the motion to suppress. The judgment and sentence appealed from are
AFFIRMED.
MILLS, Acting C. J., and SMITH, J., concur.