360 So.2d 1310 (1978)
Charlie West PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. II-394.
District Court of Appeal of Florida, First District.
August 2, 1978.
Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Acting Chief Judge.
Appellant pleaded nolo contendere to a charge of possession of a concealed weapon reserving his right to appeal the denial of his motion to suppress, asserting that since there was no probable cause to believe that he was armed with a dangerous weapon, the frisk of his person was improper.
The testimony at the hearing on the motion to suppress revealed that in the early afternoon police officers received a call concerning a shoplifting of three packs of Colt .45 Malt Liquor at a convenience store. Upon arrival at the scene, the cashier provided the officer with a description of a young black male shoplifter. Another individual reported that a young black male had exited the area in the company of another black male, specifically describing the *1311 car. A short distance from the scene, a vehicle matching the description given by the witness was located and stopped by Officer Crosby. Crosby could readily ascertain that the passenger of the vehicle appeared to fit the description given of the alleged shoplifter. After the vehicle stopped, both the driver (appellant) and the passenger got out. Crosby observed in the back seat two six-packs of Colt .45 Malt Liquor. Because Officer Crosby felt that "all passengers or any persons that were in the area or associated with the particular suspect that might have done the crime could be a threat to [his] person", he conducted a pat-down search of each individual. A .25 caliber pistol was found in appellant's left rear pocket. Although prior to the search Officer Crosby had observed a slight bulge in appellant's pocket, he indicated that "it [the bulge] was in the place a wallet might be at."
F.S. 901.151, recognizes the principles set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1969). In that case, the Supreme Court of the United States held that a police officer has a narrowly drawn authority to conduct a reasonable search for weapons where he has reason to believe that he is dealing with an armed and dangerous individual, even though probable cause to arrest such individual is absent. The issue was formulated as follows: "whether a reasonable prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (Id. at 27, 88 S.Ct. at 1883.) The court there further noted that due weight should be given to the specific reasonable inferences which the officer is entitled to draw from the facts in the light of his experience.
Florida courts have examined the totality of the circumstances to determine whether the officer's belief that a person temporarily detained is armed with a dangerous weapon is a reasonable one rather than one based on some "inchoate and unparticularized suspicion or `hunch'", specifically condemned in Terry v. Ohio, supra. Observation of a bulge in the clothing of the detainee may justify an officer's belief that the detainee is armed. (Phillips v. State, 284 So.2d 485 (Fla. 3d DCA 1973); Thomas v. State, 250 So.2d 15 (Fla. 1st DCA 1971). See also McNamara v. State, 357 So.2d 410 (Fla. 1978); State v. Francois, 355 So.2d 127 (Fla. 3d DCA 1978); Williams v. State, 294 So.2d 37 (Fla. 3d DCA 1974).) The officer's belief that the detainee is armed may be reasonable where the officer has prior knowledge of the detainee, including hearsay reports that the individual is armed. (McNamara v. State, supra; State v. Francois, supra; Ingram v. State, 264 So.2d 109 (Fla. 4th DCA 1972).) The nature of the suspected offense which prompted the officer to initially detain the individual may also bolster the reasonableness of the officer's belief that the individual is armed and dangerous. (Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976). See also McNamara v. State, supra; Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978); Laster v. State, 354 So.2d 1262 (Fla. 1st DCA 1978). Cf. State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).) Additional factors to be considered are the locale and time of the detention and whether the officer is alone at the time of the encounter. (See, e.g., Wilson v. State, supra; Williams v. State, supra; State v. Brooks, 281 So.2d 55 (Fla. 2d DCA 1973).)
Considering the totality of the circumstances, we find the facts here justified both the temporary detention of appellant's vehicle and the limited protective search of both appellant and his passenger. Officer Crosby, pursuing a proper investigative function in the performance of his duties, stopped appellant's vehicle. Once the vehicle was stopped, Crosby observed the alleged fruits of the reported crime in the back seat of the vehicle. At that point, Crosby was confronted with not only the vehicle which apparently had been used incident to a crime, but also with a suspected criminal and perhaps his accomplice. Absent a total dereliction of his duties, Crosby could not at that point turn his back and depart from the situation. (See Ingram v. State, 264 So.2d 109 (Fla. 4th DCA 1972). Neither could he reasonably proceed further *1312 without reasonably ascertaining that it was reasonably safe for him to do so.
AFFIRMED.
BOOTH, J., concurs.
SMITH, J., dissents.
SMITH, Judge, dissenting:
The majority plainly countenances an automatic search incident to a lawful detention of the operator of an automobile bearing another who is suspected of stealing three six-packs of beer. There is no authority in Florida statutory or decisional law for such a thing.
The officer had a well-grounded suspicion that Phillips' passenger committed petit larceny at the convenience store and left in Phillips' automobile. Had the offense been a felony, there may well have been probable cause for the passenger's arrest without a warrant, given the description of the thief and the automobile and the presence of cold beer plainly visible in the back seat. But that is not the question; it is Phillips who was subjected to the weapon search; and afterwards the passenger fled.
There was articulable reason to stop Phillips' car in order to detain his passenger. For purposes of discussion I also indulge the dubious assumption that there was reason to detain Phillips himself briefly, in order lawfully to discover any evidence, besides his presence outside the convenience store and his association with the suspected thief, that would support a warrant for his arrest. Given that assumption, Phillips' detention was in accord with Section 901.151(2), Florida Statutes (1977):
Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed .. . a violation of the criminal laws of this state .. ., he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed ... a criminal offense.
But the weapon search was unlawful. The standard for such searches is as stated in Section 901.151(5):
Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained ... is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon... .
The searching officer had no reason to believe that Phillips was armed with a dangerous weapon and therefore offered a threat to the officer's safety. A disinterested mind will accept the notion, I trust, that Phillips could not reasonably be regarded as probably armed because, at 2:00 o'clock in the afternoon, he drove a car bearing a suspected shoplifter. Phillips followed all directions given by the officer, and nothing in his manner suggested danger. The celebrated "bulge" in Phillips' left rear pocket did not alarm the officer, who testified that the bulge "was too small and it was ... in a place where normally a wallet would possibly be." Moreover, the officer's observation of the bulge was itself the product of a search already underway. The officer testified:
When I patted Mr. Phillips down, I felt a bulge in his left rear pocket. Reaching in his left rear pocket this bulge felt like a hard object. Reaching in his left rear pocket I pulled out a white handkerchief and inside the white handkerchief . . was a .25 Browning automatic pistol.
In short, the officer did not search Phillips because he reasonably believed that Phillips was armed. Contrast Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978). The officer searched Phillips because, as he testified,
I felt like it being a traffic stop and being due to the fact that there had been a *1313 crime committed, I felt that all passengers or any persons that were in the area or associated with the particular suspect that might have done the crime could be a threat to my person.
Certainly it is true that a grounded suspicion that the detainee committed a violent crime may justify a weapon search as well as the detention. See Terry v. Ohio, 392 U.S. 1, 33, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889, 913 (1968) (Harlan, J., concurring); Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976). Or recognition of the detainee as one reported to be armed may justify a weapon search, although the original detention was not so informed. Ingram v. State, 264 So.2d 109 (Fla. 4th DCA 1972), cert. denied, 271 So.2d 141 (Fla. 1972); Baker v. State, 316 So.2d 657 (Fla. 1st DCA 1975). See also McNamara v. State, 357 So.2d 410 (Fla. 1978). But none of those circumstances are present here. This search was unlawful and the fruits of it should be suppressed. Bennett v. State, 344 So.2d 315 (Fla. 1st DCA 1977); Meeks v. State, 356 So.2d 45 (Fla. 2d DCA 1978). I would reverse.