362 So.2d 423 (1978)
Karl SCHNICK, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1234.
District Court of Appeal of Florida, Fourth District.
August 30, 1978.
*424 Richard L. Jorandby, Public Defender, and Harvey R. Schneider, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal challenging the legality of a search under Florida's stop and frisk statute. We reverse.
At 9:45 p.m. on January 4, 1977, two Fort Lauderdale policemen received a radio call reporting a fight in the vicinity of the Ponderosa Bar. Upon arrival at the rear parking lot of the bar, two men, one of them appellant, Karl Schnick, were seen by the officers assisting a third man in a striped shirt, who was obviously drunk and appeared to have been in a fight. The officers proceeded on foot towards the rear entrance of the bar where they were met by several people who immediately reported that they had called the police about the fight. They pointed to the three men in the parking lot as having been the participants in the fight. One officer testified that the drunken man in the striped shirt was pointed out as the only one of the trio to have been a participant in the fight. Both officers testified that there had been no reports of any weapons having been involved in the fight and neither reported any indication at the scene that weapons were involved.
Immediately upon receiving the complaint from the people leaving the bar, the officers stopped the three men, ordered them up against nearby vehicles and searched them. The officers found a pocket knife and a "baggie" of marijuana in Schnick's pocket. Schnick was charged with possession of marijuana. The subsequent investigation revealed that Schnick was not involved in the fight but was merely a bystander in the parking lot called upon by a friend to assist the drunk and injured fighter in the striped shirt. After unsuccessfully moving to suppress the marijuana, Schnick entered a plea of nolo contendere specifically reserving the right to challenge the search on appeal. He was adjudicated guilty and placed on two years probation.
The Florida "stop and frisk" law, Section 901.151, Florida Statutes (1975) provides in subsection (2) and (5):
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal laws of any municipality or country, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to *425 believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefor offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such search discloses such a weapon or any evidence of a criminal offense it may be seized.
Under the provisions of Section 901.151(2), Florida Statutes (1975) the temporary detention of persons is authorized under circumstances which reasonably indicate such person has committed a crime. We believe that Schnick's temporary detention was authorized under the statute.
Section 901.151(5), Florida Statutes (1975) sets out entirely separate and distinct requirements which must be met before a person may be searched. The right to search does not automatically follow once the right to detain is established. State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976). Temporary detention, unlike arrest, does not itself authorize a search "incident to detention." It is true in some instances that the same circumstances justifying the detention also establish probable cause to believe that a weapon is involved and hence justify a search. Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976). But the search must be based on probable cause to believe that the detainee is armed with a dangerous weapon.
The circumstances here do not reveal probable cause to believe that Schnick was armed with a dangerous weapon. While one may speculate that a weapon could have been involved because the reported offense was a fight, such speculation is not sufficient to meet the probable cause requirements of Section 901.151(5). More importantly, the officers testified that there simply was no evidence that any weapons were involved either in the prior fight or in the confrontation in the parking lot. As candidly conceded by the officers, their plan was to search first and investigate later. Just as a valid arrest must precede a search incident to that arrest, so must probable cause to believe a weapon is involved precede a search incident to a temporary detention. See Martin v. State, 360 So.2d 396 (Fla. 1978). A search cannot be justified by its fruits. Likewise, the search here is not justified by the fact that a pocket knife was actually found on Schnick.
The judgment of the trial court is hereby reversed with directions that the order denying the motion to suppress be vacated and any further proceedings be in accordance with the terms of this opinion.
REVERSED and REMANDED.
DOWNEY, C.J., and DAUKSCH, J., concur.