369 So.2d 103 (1979)
James Robert ISHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 77-871.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
Rehearing Denied April 25, 1979.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This appeal arises from a denial of a motion to suppress evidence obtained through a police search following a telephone call from an anonymous tipster. We reverse.
An anonymous telephone call to the police advised that appellant was, at that moment, on a certain street corner attempting to sell drugs to two females. In a detailed description the informant described appellant as a young, black male, approximately 5'8" tall, wearing a bluejean Levi cap with a bill, a bluejean Levi jacket with no shirt, and blue flannel plaid pants. Plainclothed *104 detectives immediately went to the scene where they spotted the appellant walking toward them. One officer exited his vehicle, identified himself, and stated that he wanted to talk to the appellant. Thereupon appellant, who was approximately three feet from the detective, attempted to flee and the officer detained him. A search of his person revealed cocaine in a container exactly as described during the telephone call.
We have not forgotten that we have recently held that an anonymous tip will not, without more, support implementation of the stop and frisk law, St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978), but that is not to say the police are required to ignore such a tip altogether. Indeed, if an unidentified caller told the police that an accurately described, flipped-out, disgruntled client was on the way to the public defender's office to kill the occupants, all would enthusiastically thank the police for investigating the tip and making a stop. Both the Second and Third Districts have so held in cases involving dangerous weapons. State v. Francois, 355 So.2d 127 (Fla. 3d DCA 1978) and State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979).
Adapting this rationale to the case at bar, the police had a perfect right, and perhaps a duty, to investigate the call. When they then saw the, described in detail, appellant at the very location, we believe they also had a right to talk to him.[1] As they attempted to do so the appellant ran away which reaction in our view, coupled with all that had gone before, created a founded suspicion sufficient to justify a stop. Of the eight criteria set forth in our recent decision in Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA, 1979), we find six to be applicable here.
The problem remains as to whether an immediate search without arrest, or further investigation, was authorized and we think it was not. There was no information to suggest that the appellant might be armed with a dangerous weapon (such as was the case in Hetland and Francois) nor was there probable cause for arrest for possession of cocaine BEFORE the search. Furthermore the record does not reflect any consent to the search conducted (as was the case in St. John). We are therefore of the opinion that the officers moved too fast and that the search was illegal. We are also of the opinion, however, that had the anonymous tip included information that the appellant was armed, a frisk would have been justified. See Hetland, supra.
THE JUDGMENT IS REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] The very explicit detail of the description in and of itself supplied some reliability to the BOLO (see Hetland, supra, at p. 833).