DANIEL S. PEARSON, Judge.
P. S. D., a fifteen-year-old boy, was adjudicated delinquent for theft of a firearm, carrying a concealed firearm, and theft of a moped. The only viable issue on this appeal is the legality of the seizure of the person *1070 of this juvenile, which inevitably led to the discovery of evidence upon which he was adjudicated.[1]
In March 1978, at about 8:00 p. m., Mr. Fernandez, an assistant manager of a Winn-Dixie grocery store, called the police. Police Officer Rudloff was immediately dispatched to talk to Fernandez. Fernandez briefly told Rudloff that he had been advised by a man whom he did not identify[2] that two young black males were overheard saying, “We are going to take down the Winn Dixie store,”[3] that both boys were wearing leather jackets, one was wearing a hat, and “they had left on a moped.”
Acting on this information, Rudloff, in his patrol car, circled the shopping center parking lot adjoining the store. Within about ten minutes, the officer spotted the appellant driving a moped, heading through the parking lot in the direction of Winn-Dixie. At about the same time, Rudloff saw another boy (later identified as George Norris) walking through the parking lot. The two boys met. Both were young and black[4]; both were wearing three-quarter length leather jackets; Norris was wearing a hat; and, as stated, the appellant was driving a moped. Thus, in every respect the boys matched the description furnished to Rudloff. Rudloff approached them and told them to place their hands on his car with their feet back. They complied. As Rudloff began patting down Norris, he saw appellant put his hand in his belt and start to remove a revolver. The officer immediately grabbed the appellant, seized the weapon, and took the boys and the moped to the station. Subsequent investigation revealed that both the revolver and the moped had been stolen.
An anonymous tip may provide justification for a valid stop and frisk. Hetland v. State, 387 So.2d 963 (Fla.1980), adopting the opinion of the District Court in State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979); see also In the Interest of R, 387 So.2d 404 (Fla. 4th DCA 1980); Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980). Our task is to evaluate the nature of the information contained in the tip along with the circumstances in the present ease to determine whether the anonymous tip contained sufficient indicia of reliability so as to credit the accuracy of its content and, if so, determine if it, along with other information which thereafter came to be known to the police officer, justified the stop.[5]
In our view, the concurrence of the following factors requires us to conclude that the tip was reliable and the officer’s stop of the appellant justified: (1) the anonymous tip contained specific information and descriptions; (2) the information provided was fresh and immediately acted upon, see Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA 1979); (3) the appellant and *1071 Norris met the descriptions given, were found within minutes at the location, and appellant was, as stated, on a moped, see Franklin v. State, supra; (4) the officer saw the appellant and Norris meet; (5) the information respected a prospective holdup and therefore gave rise to a founded suspicion of weapons being carried; and (6) the appellant and Norris were wearing leather jackets on a very warm night, which could serve to corroborate the suspicion that weapons were concealed and a holdup was intended. State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979); United States v. Mack, 421 F.Supp. 561 (W.D.Pa.1976), aff’d. 568 F.2d 77 (3d Cir. 1978). See generally In the Interest of R, supra; Franklin v. State, supra; Isham v. State, 369 So.2d 103 (Fla. 4th DCA 1979); State v. Hetland, supra. See also United States v. Legato, 480 F.2d 408 (5th Cir. 1973). The trial court correctly denied the appellant’s motion to suppress.
Affirmed.

. We reject without further discussion appellant’s attack upon the insufficiency of the evidence to support a finding of guilt on the theft charges. § 812.022(2), Fla.Stat. (1977); State v. Young, 217 So.2d 567 (Fla.1968); Burroughs v. State, 221 So.2d 159 (Fla. 2d DCA 1969); Borghese v. State, 158 So.2d 785 (Fla. 3d DCA 1963).

. Sometime after Officer Rudloff stopped the two boys, he learned of the informant’s identity.

. In street jargon, hold up the store.

. As we stated in Franklin v. State, 374 So.2d 1151, 1154 (Fla. 3d DCA 1979), the race of a person may be considered as an element of identification, but is surely not sufficient in itself to justify a stop.

.Since a frisk of the appellant did not occur, we need not reach the question of whether it too would have been justified by the information known to the officer. See Lutz v. State, 354 So.2d 141 (Fla. 1st DCA 1978); cf. United States v. Pope, 561 F.2d 663 (6th Cir. 1977). It is our view, however, that a frisk of the appellant would have been justified in light of the nature of the intended crime and the unusual clothing worn by the appellant and Norris. See State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979). If that were insufficient, the movement of the appellant towards the revolver would have clearly cured the insufficiency. See State v. Francois, 355 So.2d 127 (Fla. 3d DCA 1978); United States v. Pope, supra. Of course, if the stop were unlawful, no lawful frisk can follow. United States v. Beck, 602 F.2d 726 (5th Cir. 1979).