HUBBART, Judge
(concurring).
I concur in the court’s reversal in this cause solely on the ground that there was no reasonable basis on this record for the police to have conducted a full blown search of the defendant-even assuming, as the state contends, that the police either effected no prior temporary stop of the defendant at the airport or did so based on founded suspicion. As such, the search here was unreasonable and its fruits should have been suppressed by the trial court upon the defendant’s timely motion. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Isham v. State, 369 So.2d 103 (Fla. 4th DCA 1979) cert. denied, 381 So.2d 770 (Fla.1980); Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978); Meeks v. State, 356 So.2d 45 (Fla.2d DCA), cert. denied, 364 So.2d 892 (Fla.1978); Carr v. State, 353 So.2d 958 (Fla.2d DCA 1978); Harris v. State, 352 So.2d 1269 (Fla.2d DCA 1977); Conner v. State, 349 So.2d 709 (Fla. 1st DCA 1977).