391 So.2d 269 (1980)
STATE of Florida, Appellant,
v.
Charles RAWLINGS, Appellee.
No. 80-581.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 14, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
Elton H. Schwartz, Public Defender and Stephen L. Kramer, Asst. Public Defender, Fort Pierce, for appellee.
MOORE, Judge.
This is an appeal by the State from the trial court's order granting the defendant's motion to suppress. We find that the trial court erred in suppressing the evidence and reverse.
The following evidence was adduced at the hearing on the defendant's motion to suppress. Isaac Isham was watching television on October 21, 1979 when he heard some shots outside of his home. Isham looked out on the street where he saw a person whom he was unable to identify. Isham then called the police and reported what he had heard and seen.
Officer Williams responded to the call and found the defendant and a woman on a street in the vicinity of Isham's house. These were the only two people in the area. *270 Officer Arnold also responded to the call and arrived at the scene sometime shortly after the arrival of Officer Williams. While Officer Williams engaged the defendant in a conversation Officer Arnold approached and noticed the outline of a gun in the back pocket of the defendant's pants. Arnold informed Williams of this fact and Williams conducted a pat down of the defendant. Officer Williams recovered a .25 caliber automatic pistol.
Based on this testimony the trial court suppressed the recovered firearm because the police did not have a founded suspicion to justify a detention of the defendant. While we agree that there was insufficient evidence of an articulable basis of founded suspicion presented at the hearing on the motion to suppress, we find that the police activity in this case did not constitute a detention of the defendant. Thus, such a showing was not necessary to justify the encounter between the defendant and the police. A mere contact between a citizen and a police officer which evokes voluntary cooperation on the part of a citizen is not a "seizure" within the meaning of the Fourth Amendment. United States v. Elmore, 595 F.2d 1036 (5th Cir.1979); United States v. Wylie, 569 F.2d 62 (D.C. Cir.1977), cert. denied, 435 U.S. 944, 98 S.Ct. 1527 (1978). See also, United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Where, as in the instant case, the police approach a citizen under somewhat suspicious circumstances for the purpose of routinely investigating a reported crime, no "seizure" has occurred. "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone in the streets." Terry v. Ohio, 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889, 913 (1969) (White, J., concurring). If, during a lawful and extremely temporary encounter between a police officer and a citizen, probable cause is formulated to believe that the citizen is carrying a dangerous weapon, a frisk of that citizen's person is entirely justified to insure the safety of the police officer. Carter v. State, 370 So.2d 1181 (Fla. 4th DCA 1979); State v. Francois, 355 So.2d 127 (Fla. 3rd DCA 1978); Williams v. State, 294 So.2d 37 (Fla. 3rd DCA 1974).
In the instant case, there can be little doubt that Officer Arnold had probable cause to believe that the defendant had a firearm in his back pocket. Arnold was certainly familiar with the general shape of a handgun. Furthermore, the police were present at the scene to investigate a reported shooting which had occurred just prior to their investigatory contact with the defendant. The police "frisk" of the defendant was both justified and necessitated by the circumstances of this case.
Accordingly, we reverse the trial court's order granting the motion to suppress and remand the cause for further proceedings.
ANSTEAD and GLICKSTEIN, JJ., concur.