391 So.2d 695 (1980)
L. T. S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. PP-248.
District Court of Appeal of Florida, First District.
December 2, 1980.
Rehearing Denied January 16, 1981.
Louis O. Frost, Jr., Public Defender, Fourth Judicial Circuit, James L. Harrison, Jr., Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., A.S. Johnston and Miguel A. Olivella, Jr., Asst. Attys. Gen., for appellee.
PER CURIAM.
This is an appeal from an adjudication of delinquency for the delinquent act of carrying a concealed weapon, to wit: brass knuckles, following appellant's plea of nolo contendere which specifically reserved for appeal the right to challenge the correctness of the trial court's denial of appellant's motion to suppress. Appellant urges that the stop of his vehicle was improper because the police did not have a well-founded or reasonable suspicion that he "had committed a violation of the criminal laws of this state" sufficient to justify a stop under Section 901.151(2), Florida Statutes (1979), Florida's Stop and Frisk Law, and that accordingly, the subsequent frisk of his person was illegal. We agree and reverse.
The facts are undisputed, being based solely upon the deposition testimony of the arresting officer; Officer Wilmoth of the Jacksonville Sheriff's Office. Around midnight May 28, 1979, Wilmoth received a BOLO (be on the lookout report) advising him that a robbery had just occurred at a liquor store on U.S. 1 and Wagner Road and that he should look for at least two white males with curly hair. Within one to two minutes of the BOLO and at a point within three-quarters to one mile from the scene of the robbery, Wilmoth observed an automobile traveling on Wagner Road in a direction away from the liquor store which had three to four occupants, two to three of them silhouetting "fairly bushy" hair. Wilmoth stopped the vehicle, and upon the arrival of back-up units, frisked the occupants of the vehicle, three white males and one white female. Wilmoth indicated that *696 the occupants closely matched the description given over the BOLO. Subsequent investigation revealed that these individuals had not committed the robbery, so all except appellant were released.
The dispositive issue is whether there was an objective, articulable basis for Wilmoth to believe that the occupants of the vehicle which he stopped might have been involved in the robbery. We find there was not. The description of the suspects given over the BOLO was lacking in specificity. As noted in State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979), "a vague description simply would not justify a law enforcement officer in stopping every individual who, or every vehicle which, might possibly meet that description." There was no indication that Wagner Road was a fairly untravelled road at this hour or that it was one of the few routes available for flight from the scene of the robbery. Under the circumstances presented here we do not believe Wilmoth had a founded suspicion based upon objective articulable facts to properly justify his stop of appellant's vehicle. Compare, State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979); and Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980).
Accordingly, we conclude that the trial court erred in denying appellant's motion to suppress. The adjudication of delinquency is reversed and the cause is remanded to the trial court with directions that appellant be discharged.
ERVIN and LARRY G. SMITH, JJ., concur.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting:
Under the facts and circumstances of this case, the trial court was justified in denying the motion to suppress. The officer received a BOLO that a robbery had just occurred less than one mile away and that he should look for at least two white males with curly hair. The officer was proceeding to the scene of the crime when a motor vehicle containing several persons, at least two of them being white males with "bushy" hair, passed the officer going in the opposite direction or away from the scene of the robbery. The articulable facts, as found to be true in the court's order denying the motion to suppress, are sufficient facts upon which the trial judge properly concluded that a founded suspicion reasonably existed upon which the officer originally detained the vehicle and its occupants.
As Judge Kehoe wrote in State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979):
Our courts have consistently held that the police may temporarily stop an automobile on less than probable cause where there is an articulable suspicion that a criminal offense has been, is being, or is about to be committed.
The trial court properly held that the officer was justified, under the facts and circumstances, in stopping appellant. This officer, responding to the BOLO, would have been less than diligent if he had failed to at least temporarily detain the car in which appellant was traveling. The trial court did not err in finding that the officer, having stopped the vehicle, was justified under the circumstances in searching appellant.
In Phillips v. State, 360 So.2d 1310 (Fla. 1st DCA 1978), cert. denied 368 So.2d 1372 (Fla. 1979), we held that the totality of the circumstances must be examined in each case to determine whether the officer's belief that a person is armed with a dangerous weapon is a reasonable one rather than based on some "inchoate and unparticularized suspicion or hunch." In the case here under consideration, the officers were outnumbered four to two. The nature of the suspected offense (robbery) bolstered the reasonableness of the officer's belief that the appellant was armed and dangerous. Under the circumstances it could have been foolish and fatal bravado for the officer not to have searched the appellant by the pat-down.
*697 The denial of the appellant's motion to suppress was proper on the facts here. See State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976).
I would affirm.