SHIVERS, Judge,
dissenting;
Under the facts and circumstances of this case, the trial court was justified in denying the motion to suppress. The officer received a BOLO that a robbery had just occurred less than one mile away and that he should look for at least two white males with curly hair. The officer was proceeding to the scene of the crime when a motor vehicle containing several persons, at least two of them being white males with “bushy” hair, passed the officer going in the opposite direction or away from the scene of the robbery. The articulable facts, as found to be true in the court’s order denying the motion to suppress, are sufficient facts upon which the trial judge properly concluded that a founded suspicion reasonably existed upon which the officer originally detained the vehicle and its occupants.
As Judge Kehoe wrote in State v. Gamble, 370 So.2d 428 (Fla. 3d. DCA 1979):
Our courts have consistently held that the police may temporarily stop an automobile on less than probable cause where there is an articulable suspicion that a criminal offense has been, is being, or is about to be committed.
The trial court properly held that the officer was justified, under the facts and circumstances, in stopping appellant. This officer, responding to the BOLO, would have been less than diligent if he had failed to at least temporarily detain the car in which appellant was traveling. The trial court did not err in finding that the officer, having stopped the vehicle, was justified under the circumstances in searching appellant.
In Phillips v. State, 360 So.2d 1310 (Fla. 1st DCA 1978), cert. denied 368 So.2d 1372 (Fla.1979), we held that the totality of the circumstances must be examined in each case to determine whether the officer’s belief that a person is armed with a dangerous weapon is a reasonable one rather than based on some “inchoate and unparticular-ized suspicion or hunch.” In the case here under consideration, the officers were outnumbered four to two. The nature of the suspected offense (robbery) bolstered the reasonableness of the officer’s belief that the appellant was armed and dangerous. Under the circumstances it could have been foolish and fatal bravado for the officer not to have searched the appellant by the pat-down.
*697 The denial of the appellant’s motion to suppress was proper on the facts here. See State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976).
I would affirm.