416 So.2d 818 (1982)
James Henry BREZIAL, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1031.
District Court of Appeal of Florida, Fourth District.
May 12, 1982.
Rehearing Denied July 21, 1982.
*819 Douglas J. Glaid of Kay & Silber, P.A., Sp. Public Defender, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
Appellant James Brezial was convicted of possession of cocaine and placed on three years probation. At issue on appeal is whether the trial court properly denied a motion to suppress in which Brezial contended that the cocaine in question had been seized from him as the result of an unlawful police detention and search.
Officer David Barnes of the Fort Lauderdale Police Department was the only witness to testify at the hearing on the motion to suppress. Barnes related that on the night of December 13, 1980, the Fort Lauderdale Police Department received an anonymous report of a disturbance at Dillard High School. Barnes and Officer Dankocsik were dispatched to investigate, arriving at 8:52 p.m. Barnes panned the school's closed and darkened football field with the spotlight on his patrol car and observed two men sitting in the bleachers who ran when they saw the light, hopping a three-foot fence in the process. Although his companion escaped, Brezial was stopped and asked to identify himself and explain his reason for being in the area. Brezial stated that he carried no identification, but gave his name and date of birth. Barnes decided to run Brezial's name through the police computer before releasing him. Before running the check the officer, allegedly in fear for his safety, decided to frisk Brezial for weapons. However, before the frisk commenced, Barnes observed a nail-like object protruding from Brezial's right pocket and immediately seized the object, which was actually a hypodermic syringe containing six grams of cocaine.
The circumstances under which a temporary stop may be justified were expounded in State v. Stevens, 354 So.2d 1244, at 1247 (Fla. 4th DCA 1978), as follows:
Circumstances can "reasonably indicate" that a person "has committed, is committing, or is about to commit" a violation of criminal laws or ordinances without necessarily indicating that high probability of guilt which is implied by the term "probable cause." State v. Payton, 344 So.2d 648 (Fla. 2d DCA 1977). To justify temporary detention, only "founded suspicion" in the mind of the detaining officer is required. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976); State v. Othen, 300 So.2d 732 (Fla. 2d DCA 1974); State v. Ebert, 251 So.2d 38 (Fla. 2d DCA 1971). A "founded suspicion" is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. "Mere" or "bare" suspicion, on the other hand, cannot support detention. Coleman v. State, 333 So.2d 503 (Fla. 4th DCA 1976). Mere suspicion is no better than random selection, sheer guesswork, or hunch, and has no objective justification. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Thomas v. State, 250 So.2d 15 (Fla. 1st DCA 1971). There will be borderline cases, of course, in which reasonable men might differ as to whether the circumstances witnessed by an officer gave an objective foundation to his suspicion. Certain factors might then be evaluated to determine whether they reasonably suggested the suspect's possible commission, existing or imminent, of a crime; The time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.
In the present case, our view is that the anonymous report of a disturbance at *820 the high school, when coupled with Brezial's presence in the nighttime at a closed and darkened stadium and subsequent attempt to flee, formed a sufficient basis for Barnes' stop.
Whether there was a sufficient basis for the officer's frisk is a closer question. The mere fact that an officer has properly stopped a suspect does not automatically give him the right to conduct a frisk for weapons. Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978). Rather, under Section 901.151(5), Florida Statutes (1981), the officer must have "probable cause to believe [that the suspect] is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person."[1] However, "[i]t is evident that the Florida stop and frisk law does not require probable cause in the same sense that probable cause is required for a search warrant or for arrest." State v. Webb, 398 So.2d 820, at 825 (Fla. 1981).
Brezial contends that the frisk here should be declared invalid because, at the time Officer Barnes decided to frisk, he had apparently not yet seen the "nail" and hence had no articulable reason to fear for his safety. However, we need not determine whether the officer would have been justified in frisking Brezial before spotting the "nail" since it was undisputed that Barnes spotted the sharp metallic object protruding from Brezial's pocket before the frisk actually commenced. We believe this to be the dispositive factor validating the frisk. Barnes did not actually know whether the object was a nail, or some other object that could be used as a weapon, but he did observe enough of the object to entitle him to find out. We cannot accept Brezial's proposition that the seizure should be invalidated because the officer had already decided to frisk him before spotting the nail-like object. See State v. Turner, 345 So.2d 767 (Fla. 4th DCA 1977).
Accordingly, we approve the decision of the lower court denying Brezial's motion to suppress and affirm the conviction.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] Section 901.151(5) reads, in full:

(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.