415 So.2d 797 (1982)
Winston RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2111.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Rehearing Denied July 15, 1982.
Brian R. McComb, Miami, for appellant.
Jim Smith, Atty. Gen. and Diane Zimmer Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Judge.
The defendant-appellant pled nolo contendere to a charge of carrying a concealed firearm, reserving his right to challenge the denial of his motion to suppress the pistol which was found hidden in his boot following a Terry "stop and frisk" of his person. Officer Roberts of the Dade County Public Safety Department, who conducted the search, had apprehended the defendant after receiving a BOLO radio report for a strong-arm robbery suspect who fit Russell's description. On this appeal, the defendant admits that there was articulable, founded suspicion of criminal activity so as to render the initial stop constitutionally permissible. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Webb, 398 So.2d 820 (Fla. 1981); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980). He argues, however, that the pat-down frisk for weapons, which was undertaken for the officer's own protection immediately after the stop and with no other overt indication of danger, was not justified by any reasonable basis for belief that he was armed and dangerous as is required to support that further intrusion. Sec. 901.151(5), Fla. Stat. (1981); Brezial v. State, 416 So.2d 818 (Fla. 4th DCA 1982); Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978). We disagree and therefore affirm.
We believe that the fact that the defendant was properly stopped because of a reasonable suspicion that he had committed a crime of violence, a robbery, in and of itself validated the subsequent pat-down for weapons. As Justice Harlan said, specially concurring in Terry itself,

*798 [w]here such a stop is reasonable, however, the right to frisk must be immediate and automatic if the reason for the stop is, as here, an articulable suspicion of a crime of violence. Just as a full search incident to a lawful arrest requires no additional justification, a limited frisk incident to a lawful stop must often be rapid and routine. There is no reason why an officer, rightfully but forcibly confronting a person suspected of a serious crime, should have to ask one question and take the risk that the answer might be a bullet.
The facts of this case are illustrative of a proper stop and an incident frisk. Officer McFadden had no probable cause to arrest Terry for anything, but he had observed circumstances that would reasonably lead an experienced, prudent policeman to suspect that Terry was about to engage in burglary or robbery. His justifiable suspicion afforded a proper constitutional basis for accosting Terry, restraining his liberty of movement briefly, and addressing questions to him, and Officer McFadden did so. When he did, he had no reason whatever to suppose that Terry might be armed, apart from the fact that he suspected him of planning a violent crime. McFadden asked Terry his name, to which Terry `mumbled something.' Whereupon McFadden, without asking Terry to speak louder and without giving him any chance to explain his presence or his actions, forcibly frisked him.
I would affirm this conviction for what I believe to be the same reasons the Court relies on. I would, however, make explicit what I think is implicit in affirmance on the present facts. Officer McFadden's right to interrupt Terry's freedom of movement and invade his privacy arose only because circumstances warranted forcing an encounter with Terry in an effort to prevent or investigate a crime. Once that forced encounter was justified, however, the officer's right to take suitable measures for his own safety followed automatically. [emphasis supplied.]
392 U.S. at 33-34, 88 S.Ct. at 1900, 20 L.Ed.2d at 913 (Harlan, J., concurring). This view, which reflects the common sense notion that it would be foolhardy for an officer to encounter an individual suspected of a serious and violent felony without taking the most basic safeguard for his personal safety, has won virtually unanimous acceptance. 3 W.R. LaFave Search & Seizure § 9.4 (1978); see especially cases collected at n. 27 (robbery). We adopt it here. And it does not matter, as the appellant claims, that the BOLO upon which officer Roberts acted described only a "strongarm" robbery, and did not affirmatively indicate that a weapon had been employed in the crime itself. This is because it might reasonably be assumed that such a weapon might be used or carried, not necessarily in the commission of the crime, but also, perhaps more important from the viewpoint of an apprehending officer, "to escape if the scheme went awry, or for protection against the victim or others involved." LaFave, supra, § 9.4. See, People v. Shackelford, 37 Colo. App. 317, 546 P.2d 964 (1976) (rejecting contention that frisk of rape suspect unjustified because officer unaware of whether weapon had been employed).
Since officer Roberts thus had the "automatic" right to frisk upon his reasonably-based stop of the defendant for a crime of violence,[1] the judgment below is
Affirmed.
NOTES
[1] Since the rationale we have adopted renders them merely makeweight, it is unnecessary to consider the separate effect of the facts that (a) the officer was alone and (b) the stop took place at night. Compare Commonwealth v. Pegram, 450 Pa. 590, 301 A.2d 695 (1973). We do suggest, however, that  if the crime involved were not a violent one, see LaFave, supra, nn. 32-37, and if, as here, there is no other threatening circumstance, compare Brezial v. State, supra (observation of nail-like object on suspect); State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979) (bulge in overcoat worn during warm weather; suspect had prior firearm record); cases collected, LaFave, supra, nn. 39-44  these facts, since they themselves provide no basis for belief that the suspect is armed and dangerous, could not alone justify a frisk.

In this connection, we specifically indicate our disagreement with the majority opinion in the only case cited by the state on this issue, Phillips v. State, 360 So.2d 1310 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1372 (Fla. 1979). On the facts treated in Phillips, which involved only a reasonable suspicion of a petit theft, we believe that Judge Smith's dissenting view that the frisk was not permissible is the correct one.