PER CURIAM.
Appellant-defendant, Buell Leon Brown, III, appeals a judgment adjudging him *53 guilty and imposition of sentence for the offense of possession of marijuana in excess of five grams. We reverse.
On January 21, 1974, officers of the Orlando Police Department stopped an automobile, in which the defendant was riding as a passenger, for exceeding the speed limit. While issuing a citation to the driver of the automobile, Officer Douglas observed marijuana seeds in plain view on the floorboard and front seat of the automobile. Officer Oestrich, upon notification by Officer Douglas that marijuana seeds were seen in the automobile, patted down the passenger, and told the passenger to take off his boots. A search of the passenger’s boots revealed approximately twenty grams of marijuana. The defendant-passenger was then placed under arrest.
The defendant was charged by information with possession of marijuana in excess of five grams. Prior to trial, the defendant moved the court to suppress the marijuana found on his person by Officer Oestrich. After hearing argument on the motion, the trial court entered an order denying the defendant’s motion to suppress. The defendant then entered a plea of nolo con-tendere to the charge of possession of marijuana in excess of five grams expressly reserving his right to appeal the order denying the motion to suppress. The trial court adjudged the defendant guilty, and sentenced him to six’months to five years in prison. It is from this judgment and sentence that the defendant appeals.
The sole question presented for our determination in this appeal is whether there existed probable cause for the warrantless search of the defendant.
An exception to the requirement that a police offficer obtain a search warrant prior to the search of an individual’s person arises where the officer has probable cause to believe that he will there find in-strumentalities oj a crime or evidence pertaining to a crime and where exigent circumstances lie making it impractical for the officer to obtain a warrant. Probable cause exists where the facts and circumstances within the police officer’s knowledge and of which he has reasonably trustworthy information are sufficient within themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Turning to the instant case, we are of the opinion that Officer Oestrich did not have probable cause for the warrantless search of the defendant. The only fact relevant to the probable cause issue within the officer’s knowledge at the time he conducted the search of the defendant was that marijuana seeds were present on the floorboard and on the front seat of the automobile in which the defendant was riding as a passenger. Officer Oestrich had absolutely no knowledge of how or when the marijuana seeds were brought into the automobile, and had no knowledge that the defendant was aware of the presence of the marijuana seeds. Under these circumstances, a man of reasonable caution would not be warranted in believing that the defendant possessed marijuana. Therefore, the trial court’s order denying the defendant’s motion to suppress the marijuana was erroneous.
Accordingly, the judgment and sentence herein appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
OWEN, C. J., and CROSS, J., concur.
WALDEN, J., dissents with opinion.