396 So.2d 217 (1981)
Ronald CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
Carl David LOWE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-1228, 79-1239.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
Rehearing Denied April 29, 1981.
*218 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant-Clements.
Alan Jay Braverman of Law Offices of Alan Jay Braverman, P.A., Fort Lauderdale, for appellant-Lowe.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellants Clements and Lowe were each charged by indictment with two counts of kidnapping with intent to terrorize and two counts of sexual battery with a deadly weapon. Appellant Lowe was additionally charged with robbery with a deadly weapon. These crimes allegedly occurred on July 6, 1978. After jury trial each appellant was adjudicated guilty and sentenced on all charges against him except for one count of sexual battery. It is from these judgments and sentences that appellants appeal.
Appellants first challenge the denial of their motions to suppress evidence resulting from two separate stops of a vehicle in which they were riding. The facts surrounding these stops are set forth in Clements v. State, 396 So.2d 214 (Fla.4th DCA 1981). We adhere to the holding of that case; the stops and ultimate arrests of appellants were legal, thus suppression of the evidence obtained as a result thereof, with the exception of the knives and gun, was properly denied.
In the present case, however, we are faced with an additional question. Unlike the trial court in Clements v. State, supra, the trial court here did not suppress the knives and gun found in the search of the vehicle conducted during the initial stop and seized after the second stop. Thus, we must determine whether that evidence should have been suppressed.
The State argues that the search was justified as a protective search for weapons, extending beyond the immediate control of the suspects to an area where the officers could be endangered if the occupants were permitted to re-enter the vehicle, citing Brown v. State, 358 So.2d 596 (Fla.2d DCA 1978). However, the Brown decision was specifically limited in the following manner:
We hold that under proper circumstances a police officer making a valid investigative stop involving an automobile may conduct a carefully limited search of areas accessible to occupants of the vehicle and in which the officer has, based upon specific and articulable facts, well-founded reason to believe an accessible weapon is hidden. This protective search may take place even though the occupants have been temporarily removed from the vehicle. The protective search must be limited to circumstances in which the investigating officer has received some reliable information, or has observed some furtive gesture, indicating the presence of a weapon in a particular and accessible area of the vehicle. The protective search must be conducted in a manner reasonably calculated to uncover weapons only. This extension of the scope of a protective search applies only where, at the time of the search, it appears that the suspect should be allowed to return to his vehicle. Id. at 600-601.
In the instant case, because of the nature of the crime reported in the BOLO and the circumstances surrounding the initial stop, the police officers had reason to believe that the suspects may be armed and dangerous. Nevertheless, the search cannot be justified. There was no reliable information *219 received or furtive gesture observed indicating the presence of a weapon in a particular and accessible area of the vehicle. More importantly, the search was conducted before it appeared that appellant suspects should be allowed to return to the vehicle.
Therefore, the knives and gun seized in the search should have been suppressed as fruits of the poisonous tree and admission of these items into evidence over objection was reversible error.
Appellants' remaining points are either without merit or are particular to the facts as developed at trial. Accordingly, those issues will not be addressed at this time.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.