484 So.2d 1368 (1986)
STATE of Florida, Appellant,
v.
Fred Lynn LAMB, Appellee.
No. 85-1880.
District Court of Appeal of Florida, Second District.
March 14, 1986.
*1369 Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellant.
Robert L. Paver and Joseph M. Ciarciaglino, Jr., of Osborne & Ciarciaglino, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
The state charged appellee Fred Lamb with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1983). The trial court granted Lamb's motion to suppress the firearm which gave rise to the charge. The state appeals. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(B). We reverse.
At the suppression hearing only Officer Miller and appellee Lamb testified. Officer Miller said that when he responded to a report that a person had passed out in an automobile, he found Lamb asleep in his car, which was parked behind a liquor store. When Officer Miller awakened Lamb, he detected a strong odor of alcohol, so he requested identification and asked Lamb to step out of the car.
Officer Freauff arrived to assist Miller. While Freauff ran a warrant check on Lamb, Officer Miller asked Lamb some routine questions. Miller then instructed Lamb to remain outside his car. However, as Miller walked over to Freauff's patrol car, he turned and saw Lamb sitting down in the driver's seat of the car. According to Miller, Lamb's legs were on the ground and he was reaching under the driver's seat with his right hand.
Miller immediately ordered Lamb out of the car three times in quick succession, and Lamb complied. As Officer Freauff escorted Lamb to the rear of his car, Officer Miller reached under the driver's seat and discovered a loaded firearm. He then arrested Lamb for carrying a concealed firearm.
Lamb admitted that he was heavily intoxicated on the day of the incident, and he could not remember anything that happened during his encounter with the police officers. Nonetheless, he did recall that he had two guns in the car, one wrapped in plastic under the front passenger seat and another in a box on top of the seat. Lamb contended that he was on his way to the store to return the guns when he stopped to buy a bottle of liquor. It was his guess that the combination of the liquor and medication he had taken for a bad tooth caused him to fall asleep.
The state urges reversal of the suppression order, contending that the evidence presented at the hearing clearly demonstrated that the investigatory stop and subsequent search of Lamb's car were lawful. Lamb concedes that until Officer Miller ordered him to remain outside his car, the police activity was a valid "consensual encounter" for which the officer needed no probable cause. Lightbourne v. State, 438 So.2d 380 (Fla. 1983). Lamb contends, however, that once this order was given, he was unlawfully seized in violation of the fourth amendment.
We think Officer Miller's search was justified as a reasonable, protective search. See Hochstetler v. State, 400 So.2d 974 (Fla. 4th DCA 1981), petition for review denied, 413 So.2d 876 (Fla. 1982); Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978); Stevens v. State, 354 So.2d 110 (Fla. 3d DCA 1978). As the supreme court recognized in Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), investigative detentions involving vehicle stops are especially fraught with danger to police officers. The court concluded that:
... the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational *1370 inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.
Long, 463 U.S. at 1049, 103 S.Ct. at 3480; see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The facts of this case are very similar to those of Dilyerd v. State, 467 So.2d 301 (Fla. 1985), where an officer observed a furtive movement by a passenger in a car reportedly trespassing in an orange grove. Fearing that the passenger was reaching for a weapon, the officer ordered the occupants out of the car. While making a limited protective search, the officer found a vial of cocaine under the passenger's seat. The court applied the rationale of Michigan v. Long and found that these were "specific and articulable" facts which would justify the officer's fears. 467 So.2d at 305. Thus, in Dilyerd the Florida Supreme Court upheld the judgment of the trial court denying the motion to suppress the cocaine.
Here, Lamb's actions clearly warranted a reasonable belief on the part of the police that Lamb might have gained immediate control of the weapon. Furthermore, the mere fact that Lamb was outside of the vehicle at the time of the search did not remove the danger. Had there been no probable cause to arrest Lamb following the inquiry, the officers would have had to allow Lamb to return to the car. Such danger, in light of Lamb reaching under the seat, clearly justified a reasonable, protective search. State v. Patrick, 437 So.2d 217 (Fla. 4th DCA 1983); Clements v. State, 396 So.2d 217 (Fla. 4th DCA 1981); Brown.
Finally, Officer Miller's search clearly did not exceed the permissible bounds of a reasonable, protective search. He testified that he only searched in the area where he saw Lamb reach. Thus, the search was confined to what was minimally necessary to learn if Lamb had immediate access to a weapon and was, therefore, a justifiable search and seizure. Terry v. Ohio; Brown.
Reversed.
FRANK and SANDERLIN, JJ., concur.