DANIEL, Judge.
The defendant Gerald Greene appeals an adjudication of guilt and an order placing him on probation for possession of cocaine. The defendant pleaded no contest to the charge, reserving his right to appeal the denial of his motion to suppress.
At the suppression hearing, Trooper Chapman testified that, on April 16, 1987, he stopped a vehicle for speeding. Mary Kennel was the owner and driver of the vehicle; the defendant and another man were passengers. Chapman asked Kennel to step out of the vehicle while he wrote her a citation for speeding. As Kennel opened the door, Chapman observed marijuana seeds in a tray built into the door. Chapman asked permission to look in the vehicle and Kennel agreed. Chapman found a pistol and some scales in the car’s interior and drug paraphernalia and cocaine in the trunk. The occupants were all placed under arrest. The defendant, standing about four to five away from the others, fell or fainted. A package, later determined to contain cocaine, was observed close to the defendant after he fell.
Trooper Slayton testified that, as he was helping the defendant up after he had fallen, he noticed clear baggies come out from under the defendant’s pants leg. Slayton picked up the baggies and observed white powder on them. The baggies, totalling nineteen, were later determined to contain cocaine.
Mary Kennel testified that Trooper Chapman told her that he would get a warrant if she refused to allow him to look inside the vehicle. Kennel did not believe that she had a choice as far as the search was concerned and that she did not believe that she was free to leave the area.
The trial court held that defendant’s arrest was legal and that the cocaine which fell from his pants leg was admissible.[1] The court then denied the defendant’s motion to suppress.
On appeal, the defendant argues that Trooper Chapman did not have probable cause to search the vehicle and that there was no valid consent to search by Ms. Kennel. Accordingly, the defendant argues that his arrest was the fruit of an illegal search and that any contraband found on his person should be suppressed.
This argument is without merit. The trooper’s observation of marijuana seeds [2] in the tray of the car door clearly gave him probable cause to search the entire vehicle. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988); State v. Bennett, 481 So.2d 971 (Fla. 5th DCA 1986); Boykin v. State, 421 So.2d 538 (Fla. 5th DCA 1982). *1311 The trooper then discovered drug paraphernalia and numerous vials of cocaine and bags of drug-type items in the vehicle. After the occupants of the vehicle were placed under arrest, numerous baggies of cocaine were observed falling from the defendant’s pants leg. Since there was no illegality in the stop, search or arrest, the trial court properly denied the defendant’s motion to suppress.
Brown v. State, 313 So.2d 52 (Fla. 4th DCA 1975), relied upon by the defendant, is distinguishable. In Brown, an officer stopped an automobile for speeding, saw marijuana seeds on the floorboard and front seat of the automobile, searched the defendant, who was a passenger in the automobile, and discovered marijuana on him. The fourth district held that the officer had absolutely no knowledge of how or when the marijuana seeds were brought into the automobile and had no knowledge that the defendant was aware of the presence of the marijuana seeds and therefore did not have probable cause to search him. Here the defendant was not searched based upon the observation of marijuana seeds in Kennel’s automobile; rather, the automobile was searched, a procedure upheld by this court and others. After Kennel’s automobile was searched and contraband discovered, the defendant was placed under arrest. The cocaine, which is the subject of the possession charge, was discovered only after the defendant attempted to dispose of the drugs.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. The state noted that the defendant was only being charged with the possession of cocaine which fell from his pants leg.

. The trooper testified that he had training in the identification of drugs, including marijuana seeds, and that he has had occasion to make arrests involving marijuana and to observe marijuana seeds in those arrests.