548 So.2d 675 (1989)
Willie Robert BEARD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-331.
District Court of Appeal of Florida, Fifth District.
May 16, 1989.
On Rehearing July 20, 1989.
Willie Robert Beard, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH, DANIEL and GOSHORN, JJ., concur.

ON MOTION FOR REHEARING
DAUKSCH, Judge.
This matter is before us on a motion for rehearing. Because it is apparent both parties have misunderstood the basis for our initial decision we deem it appropriate to issue this opinion. Although appellant alleges and appellee concedes that the order denying post-conviction relief should be reversed we disagree. While we do agree that an adequate allegation of ineffective assistance of counsel is a proper subject for consideration by way of Rule 3.850, Florida Rules of Criminal Procedure, Post-Conviction Relief, we are of the opinion that there was not a sufficient allegation of inadequacy of counsel to require the court to grant relief. A bare allegation that a witness was not interviewed or called at trial is insufficient to require further court inquiry. Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987). Additionally, whether to call a witness or not is usually a tactical decision made by a lawyer and should not *676 be second-guessed by a court. Magill v. State, 457 So.2d 1367 (Fla. 1984).
Appellant says the following was what occurred at the time of his arrest:
On July 17, 1987, a Florida Highway Patrol Officer was operating a radar speed detection device on the Florida Turnpike in Orange County, Florida. The officer clocked a north-bound vechicle [sic] as travelling at 67 miles per hour in a 55 mile per hour area. The officer pursued the vehicle and pulled it over. The Defendant Willie Beard was driving and a woman was in the passenger seat. Beard gave the officer identification and the rental contract for the vehicle. The officer asked Beard to step out of the vehicle. As he did so, the officer noticed a white powdery substance on the front seat which he believed to be cocaine.
The officer asked Beard if he could look in the trunk of the car and he gave his consent. The officer then removed the key from the ignition, opened the trunk and saw it contained a brown suitcase. Next the officer went to the front of the car, obtained a small amount of the powder from the front seat of the car and performed a valtox field test which showed positive for cocaine.
The officer alleges that he returned to his own vehicle and retrieved his police dog trained to detect narcotics. He brought the dog to the suspect vehicle and told the dog to `find the dope'. The dog indicated on the trunk of the car (which had closed by itself). The officer then opened the trunk and claims the dog indicated on the piece of brown luggage. The officer opened the suitcase, which contained a trash bag containing eleven packages wrapped in duct tape. The officer pulled some of the tape back and saw that the packages contained clear plastic baggies filled with white powdery substance. The officer performed another field test on this suspected substance which also showed positive for cocaine.
Appellant now says, as he did in his motion, that counsel should be faulted for failing to call the woman who was seated next to him in the car. Appellant claims that this woman would have corroborated his testimony at the hearing on his motion to suppress, that the dog never left the police car, thus the policeman was lying regarding the use of the dog.
Even if that were so, even if the woman would so testify, there is no relief available to appellant. Once the policeman saw the substance he believed to be cocaine in plain view in the car he had the right to arrest and search incident to arrest. He had probable cause to search the entire car and its contents. State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988). See also State v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
The motion for rehearing is DENIED.
DANIEL, C.J., and GOSHORN, J., concur.