BOOTH, Judge.
This cause is before us on appeal of appellant’s convictions for possession of cocaine and marijuana. For the following reasons, we affirm.
In January 1988, police received an anonymous tip that two men were selling crack cocaine in the City of Alachua. The tipster described the men as driving a 1977, four-door, blue Oldsmobile, and gave a license tag number. He also said that the men were at a location known as “The Log.” Marked and unmarked police cars immediately proceeded to The Log.
Officers soon found the described vehicle and ran a license tag check. They found it was registered to a different car. They then pulled the vehicle over and observed appellant and his codefendant passenger making suspicious movements as if to hide something. Both men exited the car and quickly approached officers with their hands in their pockets. Concerned for their safety, the officers ordered the pair to remove their hands from their pockets and patted them down for weapons. They then checked the car for weapons and found an open bag of marijuana on the front floorboard near the passenger seat. Officers arrested the two men and subsequently searched the trunk and the engine compartment. They found a loaded pistol, $2,700 in cash, more than 70 bags of marijuana, and more than 40 bags of cocaine.
Appellant concedes that the initial investigatory stop was valid. Once officers initiated the stop, the suspicious movement they observed provided legal cause to check the suspects and the car for weapons. State v. Lamb, 484 So.2d 1368 (Fla. 2d DCA 1986); Hall v. State, 470 So.2d 807 (Fla. 4th DCA 1985); Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
Once officers discovered marijuana on the floorboard during their valid weapons search, they had probable cause to believe that the vehicle contained contraband. This permitted them to search the entire vehicle, including its trunk and engine compartment, under United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). See also State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988); *715 Beard v. State, 548 So.2d 675 (Fla. 5th DCA 1989); Greene v. State, 532 So.2d 1309 (Fla. 5th DCA 1988); Bennett v. State, 481 So.2d 971 (Fla. 5th DCA 1986).
Appellant’s convictions and sentences are affirmed.
ERVIN and WENTWORTH, JJ., concur.