PER CURIAM.
Affirmed. This is an appeal challenging the trial court’s ruling on a motion to suppress. The evidentiary basis for the court’s ruling consists solely of the testimony of two police officers who responded to a noise disturbance call at a motel in the early morning hours and encountered the appellant in shorts but without a shirt walking around the premises with a “blaster” type radio. One of the officers knew appellant and knew he did not reside at the motel. While the officers were questioning appellant about his identification, appellant gave his purse to the officers indicating that they could look inside since they were *58 “going to do so anyway.” Illicit drugs were found inside the purse. The trial court found the initial detention lawful and further found that the appellant consented to the search of his purse. Upon review of the record we must confess that we are somewhat skeptical of the evidence of consent. However, the only evidence presented was the testimony of the officers. Further, the officers’ credibility was for the trial court to assess. Despite our misgivings we conclude that there is competent, substantial evidence to support the trial court’s findings. Having made that determination, we cannot disturb the trial court’s ruling. Jordan v. State, 384 So.2d 277 (Fla. 4th DCA 1980).
ANSTEAD, C.J., and BARKETT, J., concur.
GLICKSTEIN, J., concurs in result.