465 So.2d 1337 (1985)
Annie Denora BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1665.
District Court of Appeal of Florida, Fifth District.
March 21, 1985.
*1338 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying the suppression of evidence in a drug possession case.
Appellant was walking slowly down South Orange Blossom Trail in Orange County, an infamous area noted for its pornographic stores and shows, appearing to Deputy Pitman to be a prostitute. He approached her in order to find out her name and see if she was one of the prostitutes listed in his intelligence book. He asked her for identification, she had none, so he asked her to open her purse so he could see if she had a weapon or identification. Without any objection she handed her purse to him and he opened it to find some foil packets. The aluminum foil packets contained what the deputy believed were probably drugs. Upon opening one of them he found a white powdery substance which appeared to be a street drug. She was arrested for the possession.
Appellant raises two issues on appeal. One, that the initial stop was illegal and, two, that the seizure and search of the purse was illegal making the seizure of the drugs violative of the appellant's fourth amendment rights.
There is no evidence the encounter between appellant and Deputy Pitman was a stop as in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) but was an encounter as in Sommer v. State, 465 So.2d 1339 (Fla. 5th DCA 1985) and Lightbourne v. State, 438 So.2d 380 (Fla. 1983) and the cases cited in those two cases. See also Myers v. State, 462 So.2d 57 (Fla. 4th DCA 1984). There was no evidence appellant was not always free to leave and free to refuse the deputy's requests. See I.N.S. v. Delgado, ___ U.S. ___, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); Florida v. Rodriguez, ___ U.S. ___, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Walden, 464 So.2d 691 (Fla. 5th DCA 1985).
In regard to the second ground, the opening of the purse and its contents, the evidence before the court shows that appellant voluntarily and consensually surrendered her purse for search. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Norman v. State, 379 So.2d 643 (Fla. 1980); Bailey v. State, 319 So.2d 22 (Fla. 1975); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978). The search of the tinfoil packets found inside the purse was a lawful search based upon probable cause. It doesn't take a policeman to know those small square tinfoil packets contained either heroin, cocaine, hashish or amphetamines. No warrant was needed to search the packets and appellant has not contended one was needed.
When a policeman comes upon a person in a public area and asks questions there is no fourth amendment intrusion. When the answers are incriminating or the conduct gives a founded suspicion then further investigation, even detention, may be warranted and proper. When a policeman merely asks to see inside a purse or a pocket or a car or a house and lawful consent is given then no fourth amendment violation occurs.
The order denying suppression is affirmed, as is the judgment of guilt for possession of amphetamines.
AFFIRMED.
ORFINGER and COWART, JJ., concur.