GUNTHER, Judge.
We reverse the order granting defendant’s motion to suppress.
At 1:40 a.m., while patrolling a neighborhood which had been plagued by a rash of business burglaries, police observed the defendant standing beside a truck parked between two closed businesses. As the police officer turned into the parking lot, the defendant got into the passenger side of the truck. The officer stopped his car, walked up to the truck and asked the defendant why he was in the parking lot. The defendant responded that his friend, the driver of the truck, was behind the building going to the bathroom. When the officer asked the defendant for identification, the defendant stepped out of the truck, but had no identification with him. Nothing in the record indicates that the officer asked the defendant to exit the truck. When the defendant stepped out of the truck, the officer observed, inside the truck, a clear plastic bag containing a leafy substance which the officer, based upon his knowledge, training and experience, recognized as marijuana.
Defendant moved to suppress the marijuana seized from the parked truck, contending that there was no “founded suspicion” to support the initial stop. However, under the facts of this case, no “founded suspicion” was necessary because the defendant was not illegally detained before the police officer saw the marijuana in plain view. Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985). Since this was a permissible police encounter, and the police officer saw the marijuana in plain view, the trial court erred in granting the defendant’s motion to suppress. Accordingly, the order granting the defendant’s motion to suppress is reversed.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.