COBB, Judge,
dissenting.
The state, as the prevailing party at the evidentiary hearing held on the defendant’s motion to suppress, is entitled to the most *530 favorable view of the evidence in support of its position. Medina v. State, 466 So.2d 1046 (Fla.1985); Shapiro v. State, 390 So.2d 344 (Fla.1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981); Sommer v. State, 465 So.2d 1339 (Fla. 5th DCA 1985). Utilizing that construction, the record herein supports the determination by the trial court that there was no search or seizure involved in this case until the arresting officer (Franklin) observed cocaine and paraphernalia in plain view from outside the defendant’s vehicle. See State v. Clarke, 242 So.2d 791 (Fla. 4th DCA 1970), cert. denied, 246 So.2d 112 (Fla.1971); Greene v. State, 532 So.2d 1309 (Fla. 5th DCA 1988).
The facts testified to by the officers— which were accepted by the trial court and cannot be reweighed here — were as follows: Officer Franklin observed Jenkins slumped over in the driver’s seat of a car illegally parked on the right-of-way of a city street in Edgewood, Florida around 7:00 p.m. As he drove by, Jenkins sat up. Franklin turned his car around and pulled up behind Jenkins. Franklin’s stated purpose was to check on Jenkin’s well-being. Pursuant to a safety procedure of the city, Franklin asked Jenkins, from a distance, to step out and away from his vehicle. This was in order to ascertain Jenkins’s condition while minimizing any risk to the officer. After Jenkins exited his vehicle, and appeared in a sweaty, nervous and unstable condition, Franklin walked up to Jenkins’s car and observed through the window a razor blade, a straw, and white powdery substance thought to be cocaine.
Based on these facts, as opposed to any facts testified to by the defendant (and presumably rejected by the trial court), the contact between the officers and Jenkins prior to the view of the razor, straw, and white substance, giving rise to probable cause for arrest, constituted a permissible (even commendable) police encounter, not a seizure. See United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Lightbourne v. State, 438 So.2d 380 (Fla.1983); cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Sommer; Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985). The indicia of a legal seizure were not present — no physical force or touching, no intimidating show of authority, no display of weapons, no threatening language. Had the police officer not checked on the condition of a citizen slumped over the wheel of a car parked beside the road, the officer would be subject to criticism for dereliction of duty in not assisting an ill person in need of help. Had the officer walked up casually to the window of the car and been shot, he would have become part of a growing statistic— or, had he lived, would have been subject to criticism for foolhardiness. The police officer in this case acted reasonably at all times which, in the last analysis, is the true test.
As stated recently in the case of J.C.W. v. State, 545 So.2d 306 (Fla. 1st DCA), review denied, 553 So.2d 1165 (Fla.1989):
Where a police officer merely approaches a citizen to ask questions or to check for identification, and the contact between the police officer and citizen “evokes voluntary cooperation on the part of the citizen,” the encounter is not a seizure within the meaning of the Fourth Amendment. State v. Rawlings, 391 So.2d 269 at 270 (Fla. 4th DCA), petition denied, 399 So.2d 1145 (Fla.1981).
J.C.W. at 307. See also, State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989); State v. Mendez, 540 So.2d 930 (Fla. 4th DCA 1989).
I would affirm.