ORFINGER, M., Senior Judge.
This is an appeal from a delinquency adjudication and commitment. The juvenile entered nolo contendere pleas to possessing cocaine and to violating community control, specifically reserving the right to appeal the denial of his motion to suppress.
At the suppression hearing, Deputy Sheriff Hopkins testified that he was travelling in his patrol car when he saw a blue minivan driving in the emergency lane. Hopkins stopped the van based on this traffic infraction, and ordered the driver, the juvenile appellant, to step out of the van. As the juvenile ap- *1063 proaehed him, Hopkins stated that he saw a long slender object in appellant’s front pants pocket. Concerned that the object might be a knife, Hopkins conducted a pat down search of appellant’s clothing. After conducting the pat down, Hopkins believed the object was a cigar tube. He then asked appellant what the object was, and appellant replied that it was “nothing.” Hopkins then asked if he could see it. Appellant pulled out the object, which was in fact a cigar tube and handed it to Hopkins. The deputy testified that it felt light. The deputy opened the tube, looked inside, and discovered a piece of crack cocaine. Deputy Hopkins testified that he feared the tube may have contained a weapon. However, he articulated no reason for this fear. Appellant gave no indication that, he was carrying a weapon, and the deputy admitted that he had never in his experience found a weapon concealed inside a cigar tube.
At the suppression hearing appellant argued that the deputy conducted an unlawful search. As thé “request” to produce the item was in the coercive context of a traffic stop and pat down, counsel maintained that appellant was not free to ignore this directive, and his handing over of the object was not a voluntary act, but mere acquiescence to the officer’s authority. Without voluntary consent, counsel asserted that the deputy could not legally search the tube because he had no probable cause to believe that the object contained contraband. In denying the motion to suppress, the trial court stated on the record that “the handing of the cigar tube from the juvenile to the law enforcement officer was a voluntary and consensual act.”
Because of the valid traffic stop and the bulge in appellant’s pocket, the deputy was entitled to conduct a protective pat down search for weapons. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also § 901.151, Fla. Stat. (1997). Once the officer determined from the pat down that the object was not a weapon, any further search exceeded the scope of a Terry search. See C.G. v. State, 689 So.2d 1246 (Fla. 4th DCA 1997) (stop and frisk may not extend beyond pat down of suspect’s outer clothing unless officer concludes that suspect has a weapon). Thus the search of the object would be permissible only if there was a consent to search given by the appellant.
Whether the production of the tube was consensual is open to question. The officer agreed that he ordered appellant from the vehicle and conducted the pat down search without first asking permission. Was the officer’s asking to see the cigar tube also an order, or was it a request that the juvenile could have refused under the circumstances here?[1] Whatever the answer to this question may be, even if we assume that the appellant voluntarily withdrew the cigar tube from his pocket after the officer asked if he “could see it”, did this act also give the officer permission to open the tube' and examine its contents?
The state relies on Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985) as authority for the officer to open the tube. In Burke, a police officer approached a suspected prostitute and asked for identification. When she said she had none, the officer asked if he could look in her purse. She handed the purse to him, and on examining its contents, the officer found foil packets containing drugs. This ease is distinguishable because there, the officer specifically asked if he could look in the purse, after which it was handed to him. Here, all the officer asked was to “see” the tube. He gave no indication that he wanted to open it, and in fact testified he had never before found a weapon in a cigar tube, only cigars or drugs. See Howard v. State, 645 So.2d 156 (Fla. 4th DCA 1994). Cf. Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).
There was no reasonable basis or consent given for the extended search and the motion to suppress should have been granted.
REVERSED.
COBB and HARRIS, JJ., concur.

. See B.T. v. State, 702 So.2d 248 (Fla. 4th DCA 1997).